IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN M. WELLS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING MOTION FOR NEW TRIAL<br><br><br><br>Case No. 1:08-CR-008 |

This matter is before the Court on *Defendant's Motion for New Trial, Pursuant to Federal Rules of Criminal Procedure 33(b)(1), to Set Aside His Conviction and Sentence*. (Dkt. No. 116.) For the reasons discussed below, the Court finds that the Motion must be construed as a second or successive § 2255 petition over which the Court does not have jurisdiction. Therefore, the Court will dismiss the Motion.

BACKGROUND

On February 1, 2011, Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant was later sentenced to 51 months incarceration. Defendant sought direct appeal and his sentence was affirmed on December 5, 2012. Defendant later filed a motion under 28 U.S.C. § 2255, which was denied by the court on October 16, 2013 (Civil No. 1:12-cv-256).

Defendant now brings his Motion for New Trial, Pursuant to Federal Rules of Criminal

Procedure 33(b)(1), to Set Aside His Conviction and Sentence.  Specifically, Defendant argues that the search of a truck was illegal and that he received ineffective assistance of counsel.

## DISCUSSION

Defendant brings his Motion pursuant to Federal Rules of Criminal Procedure Rule 33 and 28 U.S.C. § 2255 based on an alleged illegal search and "on the grounds of ineffective assistance of counsel during his plea bargaining and investigation of the circumstances of the Defendant's arrest ." (Dkt. No. 116 at 18.)  Rule 33(a)[1] states: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment."

A review of Defendant's Motion reveals that it "asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[2]  Thus, it is proper to treat Defendant's Motion as a second or successive § 2255 motion.[3]  A prisoner may not file a second or successive § 2255 habeas claim unless he first obtains an order from the circuit court authorizing the district court to consider the claim.[4]  In the absence of such authorization, a district court lacks jurisdiction to address the merits of the second or successive claim.[5]  Because Defendant has not received an order from the circuit court authorizing this second or successive claim, this court lacks jurisdiction.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion is

---

[1] Defendant cites Fed. R. Crim. P. 33(b)(1), but that provision discusses only the timing of filing a motion under Fed. R. Crim. P. 33(a).
[2] *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).
[3] *Id.*
[4] 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A).
[5] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

DISMISSED FOR LACK OF JURISDICTION.

    Dated this 16th day of June, 2015

                                    BY THE COURT:

                                    Judge Dee Benson
                                    District Court Judge